IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE LATEX GLOVES PRODUCTS LIABILITY LITIGATION | : MDL DOCKET NO. 1148<br>: Judge Edmund V. Ludwig<br>: |
| JOANN KAE SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLEGIANCE CORPORATION, an Illinois corporation; ALLEGIANCE HEALTHCARE CORPORATION, an Illinois corporation; ALLEGIANCE HEALTHCARE, SDN BHD, a Malaysian entity; BAXTER HEALTHCARE CORPORATION, a Delaware corporation; BAXTER HEALTHCARE, S.A., a Panama corporation; BAXTER INTERNATIONAL, INC., a Delaware corporation; MEDLINE INDUSTRIES, INC., an Illinois corporation; SSL U.S. MANUFACTURING, LLC f/k/a LONDON INTERNATIONAL GROUP, LLC, a Delaware corporation SSL AMERICAS, INC. f/k/a REGENT MEDICAL DIVISION OF LONDON INTERNATIONAL GROUP, INC., a New Jersey Corporation; GULF SOUTH MEDICAL SUPPLY, INC., a Delaware corporation; and JOHN DOES 1-100, entities and/or individuals whose names and addresses are presently unknown,<br><br>    Defendants. | ) E.D.Pa. No. 02-3806<br>) JURY TRIAL DEMANDED<br><br>FILED   JUL 1 0 2002<br><br>FILED<br>JUL 1 0 2002<br>MICHAEL E. KUNZ, Clerk<br>By _____ Dep. Clerk |

**ANSWER TO COMPLAINT BY DEFENDANT SSL AMERICAS, INC.**

SSL Americas, Inc. (sued as SSL Americas, Inc. f/k/a Regent Medical Division of London International Group, Inc.) and SSL U.S. Manufacturing, LLC (sued as SSL U.S. Manufacturing, LLC f/k/a/ London International Group, LLC) (collectively "SSL") by and through their undersigned counsel, hereby answer the Complaint of Plaintiff Joann Kae Smith as follows:

## THE PARTIES

1-10. Answering Paragraphs 1-10, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

11. Answering Paragraph 11, SSL admits that SSL U.S. Manufacturing LLC is a Delaware corporation but denies that its principal place of business is in Jacksonville, Florida.

12. Answering Paragraph 12, SSL admits that SSL Americas, Inc. is a New Jersey corporation with its principal place of business in Norcross, Georgia.

13. Answering Paragraph 13, SSL objects to Plaintiff's use of the vague and ambiguous phrase "SSL/Regent entities." Further, the allegations contained therein constitute legal conclusions to which no responses are required, but to the extent responses are required, and without waiving the above asserted objection, SSL denies the allegations contained therein.

14-15. Answering Paragraphs 14-15, SSL is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

16. Answering Paragraph 16, it is admitted only that SSL Americas, Inc., through its secondary third-party distributors, began selling and distributing latex glove in approximately 1989. To the extent other allegations in Paragraph 16 apply to SSL, SSL denies those allegations. To the extent the allegations in Paragraph 16 apply to other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

II.

## JURISDICTION AND VENUE

17. Answering Paragraph 17, the allegations contained therein constitute conclusions of law to which no responses are required, but to the extent that responses are required, SSL is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

III.

## FACTUAL ALLEGATIONS

18. Answering Paragraph 18, the allegations contained therein constitute conclusions of law to which no responses are required, but to the extent that responses are required, SSL is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

19-26. Answering Paragraphs 19-26, SSL is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

27. Answering Paragraph 27, SSL admits only that SSL Manufacturing LLC manufactured natural rubber latex ("NRL") gloves and denies that SSL Americas, Inc. manufactured NRL gloves. SSL denies all other allegations as they relate to SSL. Insofar as the allegations relate to other defendants, SSL is without knowledge and information sufficient to form a belief as to the truth or falsity of those allegations.

28-31. Answering Paragraphs 28-31, SSL is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

## IV.
## FIRST CLAIM FOR RELIEF
## VIOLATION OF WASHINGTON'S PRODUCT LIABILITY STATUTE

32. SSL incorporates by reference its responses to Paragraphs 1-31 as if set forth herein in their entirety.

33. Paragraph 33 contains conclusions of law to which no responses are required, but to the extent responses may be required, SSL admits only that SSL U.S. Manufacturing, LLC manufactured powder free gloves and that SSL Americas, Inc., through its secondary third-party distributors, began selling and distributing NRL gloves in approximately 1989. SSL denies all other allegations as they relate to SSL. Insofar as the allegations relate to other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

34-38. Paragraphs 34-38 contain conclusions of law to which no responses are required, but to the extent responses may be required and the allegations relate to SSL, said allegations are denied. Insofar as the allegations relate to other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

39.    Answering Paragraph 39, to the extent the allegations relate to SSL, said allegations are denied. Insofar as the allegations relate to other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

V.

SECOND CLAIM FOR RELIEF
LIABILITY UNDER WASHINGTON'S CONSUMER PROTECTION ACT

40.    SSL incorporates by reference its responses to Paragraphs 1-39 as if set forth herein in their entirety.

41-44. Answering Paragraphs 41-44, the allegations contained therein constitute conclusions of law to which no responses are required, but to the extent that responses are required, insofar as the allegations relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

VI.

THIRD CLAIM FOR RELIEF
BREACH OF WARRANTY

45.    SSL incorporates by reference its responses to Paragraphs 1-44 as if set forth herein in their entirety.

46.    The allegations contained in Paragraph 46 constitute conclusions of law to which no responses are required, but to the extent that responses are required and the allegations relate

to SSL, SSL is without knowledge or information sufficient to form a belief as to whether Plaintiff wore NRL gloves and, if so, the purposes for which she wore NRL gloves and, accordingly, denies said allegations. With respect to the allegations that relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

47-49. The allegations contained in Paragraphs 47-49 constitute conclusions of law to which no responses are required, but to the extent that responses are required, insofar as the allegations therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

VII.

### FOURTH CLAIM FOR RELIEF
### MARKET SHARE ALTERNATIVE LIABILITY

50. SSL incorporates by reference its responses to Paragraphs 1-49 as if set forth herein in their entirety.

51. Answering Paragraph 51, SSL denies the allegation contained therein.

52. Answering Paragraph 52, insofar as the allegations contained therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

53. Answering Paragraph 53, SSL denies that it caused Plaintiff any harm. SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations as they pertain to SSL. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

54-57. Answering Paragraphs 54-57, insofar as the allegations contained therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

58-59. Answering Paragraphs 58-59, insofar as the allegations contained therein relate to SSL, it is admitted only that SSL Americas, Inc., through its secondary third-party distributors, began selling and distributing NRL gloves in approximately 1989. Insofar as the remaining allegations relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

60. Answering Paragraph 60, insofar as the allegations contained therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

61. The allegations contained in Paragraph 61 constitute conclusions of law to which no responses are required, but to the extent that responses are required, insofar as the allegations therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

VIII.

FIFTH CLAIM FOR RELIEF
FRAUDULENT CONCEALMENT

62. SSL incorporates by reference its responses to Paragraphs 1-61 as if set forth herein in their entirety.

63-66. Answering Paragraphs 63-66 and their sub-Paragraphs, insofar as the allegations contained therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all

other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

67.     The allegations contained in Paragraph 67 constitute conclusions of law to which no responses are required, but to the extent that responses are required, insofar as the allegations relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

## SIXTH CLAIM FOR RELIEF
## CONSPIRACY/CONCERT OF ACTION

68.     SSL incorporates by reference its responses to Paragraphs 1-67 as if set forth herein in their entirety.

69.     Answering Paragraphs 69, insofar as the allegations contained therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

70-72.  The allegations contained in Paragraphs 70-72 constitute conclusions of law to which no responses are required, but to the extent that responses are required, insofar as the allegations contained therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

## SEVENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73.     SSL incorporates by reference its responses to Paragraphs 1-72 as if set forth herein in their entirety.

74-75.  The allegations contained in Paragraphs 74-75 constitute conclusions of law to which no responses are required, but to the extent that responses are required, insofar as the

allegations contained therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

**EIGHTH CLAIM FOR RELIEF**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

76.     SSL incorporates by reference its responses to Paragraphs 1-75 as if set forth herein in their entirety.

77-78.  The allegations contained in Paragraphs 77-78 constitute conclusions of law to which no responses are required, but to the extent that responses are required, insofar as the allegations contained therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

**NINTH CLAIM FOR RELIEF**
**INTENTIONAL MISREPRESENTATION**

79.     SSL incorporates by reference its responses to Paragraphs 1-78 as if set forth herein in their entirety.

80-84.  The allegations contained in Paragraphs 80-84 constitute conclusions of law to which no responses are required, but to the extent that responses are required, insofar as the allegations contained therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

**TENTH CLAIM FOR RELIEF**
**NEGLIGENT MISREPRESENTATION**

85. SSL incorporates by reference its responses to Paragraphs 1-84 as if set forth herein in their entirety.

86-93. The allegations contained in Paragraphs 86-93 constitute conclusions of law to which no responses are required, but to the extent that responses are required, insofar as the allegations contained therein relate to SSL, said allegations are denied. Insofar as the allegations relate to all other defendants, SSL is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

SSL denies each and every allegation of the plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff (hereinafter, "Plaintiff" refers to Joann Kae Smith) seeks to recover damages from SSL based upon facts pertaining to the design, creation of specifications for, manufacture, assembly, fabrication, or testing of latex gloves, such causes of action must fail because SSL has only sold and distributed natural rubber latex gloves, and therefore had no duty to design, create specifications for, manufacture, assemble, fabricate, or test said gloves.

2. SSL is a distributor of natural rubber latex gloves, and any liability, which is expressly denied, is passive, secondary or vicarious.

3. Plaintiff's claims fail because they do not identify any products distributed or sold by SSL which are alleged to have caused or contributed to her purported injuries.

4. Plaintiff's claims should be dismissed because she cannot establish the requisite product nexus between the natural rubber latex gloves sold and distributed by SSL, if any, and the injuries she alleges were caused by her exposure to natural rubber latex gloves.

5. This Court lacks personal jurisdiction over SSL.

6. SSL objects to Plaintiff's choice of venue and reserves the right to move accordingly.

7. Plaintiff's alleged claims are barred as a matter of public policy, including, but not limited to, the social utility of latex gloves. The production and distribution of natural rubber

latex gloves serves an important public need to protect the health of the general public by preventing the spread of communicable diseases.

8. SSL was unaware during the pertinent time period of any potential danger from the use of natural rubber latex gloves which it sold and/or distributed and, accordingly, had no duty to test said latex gloves.

9. The alleged risk of serious allergic reaction to the natural rubber latex gloves distributed or sold by SSL was not foreseeable based upon the state of scientific knowledge at the time of Plaintiff's alleged use of or exposure to said natural rubber latex gloves and, accordingly, SSL had no duty to warn Plaintiff.

10. SSL reasonably relied upon the FDA and Plaintiff's employer(s) to warn Plaintiff of the alleged risks associated with natural rubber latex gloves and/or allergies. Both the FDA and Plaintiff's employer(s) were in better positions than SSL to warn Plaintiff of any alleged risks.

11. Plaintiff's claims are barred because the FDA, which approved SSL's distribution of natural rubber latex gloves, is a knowledgeable and sophisticated intermediary and is in a better position than SSL to warn consumers about any alleged dangers associated with natural rubber latex gloves and/or allergies.

12. Plaintiff's claims are barred because the medical facility(ies) at which she was employed and/or the medical facility(ies) at which she allegedly wore NRL gloves were knowledgeable and sophisticated intermediaries and were, therefore, in a better position than SSL to warn consumers about any alleged dangers associated with natural rubber latex gloves and/or allergies.

13. Neither Plaintiff nor her employer(s) relied upon SSL's skill or expertise when they bought and/or used natural rubber latex gloves.

14. The natural rubber latex gloves distributed or sold by SSL were not defective or dangerous.

15.  The natural rubber latex gloves distributed or sold by SSL were not unsafe. In the alternative, to the extent that they were unsafe, they were unavoidably unsafe.

16.  The natural rubber latex gloves about which Plaintiff complains have certain unavoidable, inherent characteristics. While denying that such characteristics are dangerous or defective, under the state of scientific knowledge at the time that such products were manufactured, distributed and sold, a practical and technically feasible alternative design that would have prevented the alleged harm was not available without substantially impairing the usefulness or intended purposes of the product. Consequently, SSL did not act unreasonably in distributing and selling the natural rubber latex glove products at issue herein.

17.  At all relevant times, SSL acted reasonably, in good faith and with all due care.

18.  Plaintiff is barred from relief due to lack of proximate cause.

19.  The injuries and damages sustained by Plaintiff, if any, were not proximately caused by any acts or omissions by SSL.

20.  To the extent that Plaintiff used latex gloves distributed and sold by SSL during the pertinent time frame, the injuries and damages sustained by Plaintiff, if any, were proximately caused by an unforeseeable modification and/or alteration of natural rubber latex gloves distributed by SSL, of which SSL had no knowledge.

21.  The injuries and damages sustained by Plaintiff, if any, were proximately caused by the unforeseeable superseding and intervening acts and/or omissions or fault of third parties over whom SSL had no control, and such intervening and superseding conduct of said other parties was the sole legal cause of any injury or damages to Plaintiff and bars recovery herein against SSL.

22.  The injuries and damages sustained by Plaintiff, if any, were caused by her own allergies, and not by any wrongful conduct or omission on the part of SSL. Said allergies were peculiar to Plaintiff and not known to the general public, and SSL neither knew nor had reason to know, nor could it have reasonably foreseen said allergy.

23. The injuries sustained by Plaintiff, if any, were caused by her own individual idiosyncrasies, and not by any wrongful conduct or omission on the part of SSL. Said idiosyncrasies were peculiar to Plaintiff and not known to the general public, and SSL neither knew nor had reason to know, nor could it have reasonably foreseen said idiosyncrasies.

24. Plaintiff contributed to her own injuries by the use of and exposure to other latex-containing products, and non-latex substances, products, foods, medications and drugs.

25. SSL's alleged failure to warn Plaintiff of the risks associated with using natural rubber latex gloves is not causally related to her alleged injuries.

26. Plaintiff's alleged injuries are not causally related to the use of natural rubber latex gloves distributed by SSL.

27. Plaintiff's exposure, if any, to latex proteins from natural rubber latex gloves which were sold or distributed by SSL was de minimus, so that natural rubber latex gloves distributed or sold by SSL, if any, were not a substantial contributing factor to any condition for which Plaintiff seeks recovery in this action.

28. At all times relevant to this action Plaintiff failed to heed the applicable warnings in connection with the use of the allegedly defective natural rubber latex gloves.

29. Plaintiff knew of any alleged defect and/or danger associated with the use of natural rubber latex gloves, yet nevertheless proceeded and continued to use products allegedly distributed by SSL to which she was allegedly exposed.

30. SSL had no duty to warn because the alleged danger of developing an allergy to latex was open and obvious to a reasonable consumer.

31. Plaintiff's claims are barred because she and/or her employer(s) are knowledgeable and sophisticated user(s) of natural rubber latex gloves.

32. Plaintiff was contributorily and/or comparatively at fault.

33. Plaintiff knowingly and voluntarily assumed the risk of her alleged injuries, thereby barring her recovery under the doctrine of assumption of risk.

34. The injuries allegedly suffered by Plaintiff were caused by her misuse of the latex gloves at issue. After Plaintiff and/or her employer(s) suspected and thereafter discovered that she had sustained an alleged physical reaction as a result of wearing natural rubber latex gloves, she should have ceased wearing said gloves, and her employer(s) should have prevented her from continuing to wear them.

35. SSL fully complied with controlling laws and regulations, and with all applicable FDA requirements, recommendations, guidelines, and prevailing standards in its distribution and sale of latex gloves.

36. The usage in trade in the industry is to manufacture natural rubber latex gloves in the same and/or similar manner in which the natural rubber latex gloves distributed by SSL were manufactured.

37. SSL's conduct was at all times consistent with the recognized state of the art.

38. The natural rubber latex gloves distributed and sold by SSL were designed and manufactured according to state-of-the-art technology available at that time.

39. The emotional distress sustained by Plaintiff if any, was not caused by extreme, outrageous, intentional, and/or negligent conduct on the part of SSL.

40. The emotional distress sustained by Plaintiff, if any, did not arise from any conduct by SSL which placed her within a zone of physical impact and thereby reasonably caused her to fear for her safety.

41. Plaintiff has failed to plead willful misrepresentation of material facts with the requisite particularity.

42. Plaintiff has failed to plead fraud with the requisite particularity.

43. Plaintiff's claim for fraudulent concealment is barred given the absence of any facts to support such allegations, and her failure to aver fraud with particularity.

44. SSL did not and does not act in concert with any other defendant pursuant to any agreement, express or implied, in furtherance of any tortious conduct.

45. SSL did not and does not know that the conduct of any other defendant constituted a breach of duty and did not and does not provide assistance or encouragement to any other defendant to engage in such conduct.

46. SSL made no warranties, either express or implied, regarding the latex gloves that it distributed and, accordingly, any theory of recovery premised on such a theory of liability must fail.

47. SSL fully complied with controlling laws and regulations, and with all applicable FDA requirements, recommendations, guidelines, and prevailing standards in its sale and distribution of latex gloves. Therefore, Plaintiff's claims that SSL failed to comply with controlling law, regulations, and applicable FDA guidelines should be rejected.

48. SSL's compliance with all state and federal regulations precludes any award of punitive damages.

49. Plaintiff's claims are barred in whole or in part by the statute of limitations and/or repose.

50. Plaintiff's claims are preempted in whole or in part by federal law and regulations, including the Medical Device Amendments of 1976, 21 U.S.C. §§ 360c-k (Supp. 1995) to the federal Food, Drug, and Cosmetic Act of 1938, 21 U.S.C. §§ 301, et seq., and all amendments thereto.

51. Plaintiff's claims are barred under the doctrine of spoliation because she did not preserve the natural rubber latex gloves that allegedly caused her injuries.

52. Plaintiff's alleged damages, if any, should be proportionately reduced or barred because of her failure to mitigate her alleged damages and her failure to mitigate her alleged injuries.

53. Plaintiff's recovery must be offset by any amounts she received from joint tortfeasors and/or other defendants.

54. Plaintiff has failed to join one or more parties needed for joint adjudication.

55. Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, waiver, and/or unclean hands.

56. SSL is not a proper defendant in this case.

57. The Complaint fails to state a cause of action upon which relief may be granted.

58. The granting of relief prayed for in the Complaint is unconstitutional under the applicable state constitution, the United States Constitution and the laws of the United States in that it violates Due Process and Equal Protection guarantees, places an undue burden on interstate commerce, and violates constitutional proscriptions against excessive fines.

59. Plaintiff's claim for exemplary or punitive damages is barred because such damages are not recoverable or warranted in this action.

60. SSL's conduct was not reckless, malicious, willful, or grossly negligent and, consequently, Plaintiff is not entitled to exemplary or punitive damages.

61. SSL denies that Plaintiff is entitled to any of the relief requested.

62. SSL is not a successor-in-interest to Aladan Corporation or ACH, Inc., did not accede to any liability, or potential liability, of Aladan Corporation or ACH, Inc., did not expressly or impliedly assume the liabilities of Aladan Corporation or ACH, Inc., and is not liable in this litigation for any alleged act or omission of, or manufacture, sale and/or distribution of any product of, Aladan Corporation or ACH, Inc.

63. SSL hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery in this case, and hereby reserves the right to amend its Answer to assert any defense.

/ / /

/ / /

/ / /

/ / /

WHEREFORE, SSL demands that all counts against it be dismissed with prejudice, and that it be awarded its costs and expenses, including reasonable attorneys' fees, necessitated by the defense hereof to the full extent permitted by the law.

SSL hereby demands a trial by jury.

DATED: July 10, 2002.

Respectfully submitted,

**BUCHANAN INGERSOLL
PROFESSIONAL CORPORATION**

Karen Shichman Crawford (Pa. I.D. #61648)
BUCHANAN INGERSOLL, P.C.
301 Grant Street, 20th Floor
Pittsburgh, PA   15219

John P. Cooley
BUCHANAN INGERSOLL LLP
First National Bank Building
401 West "A Street, Suite 1900
San Diego, CA   92101
(619) 578-5000

Attorneys for Defendant
SSL Americas, Inc. (erroneously sued as Regent Hospital Products, Ltd. and London International Group, Inc.)

## **CERTIFICATE OF SERVICE**

I certify that the foregoing **ANSWER TO COMPLAINT BY DEFENDANT SSL AMERICAS, INC.** has been served upon the following counsel by first class U.S. mail, postage prepaid, this 9th day of July, 2002:

>Kim Williams
>Williamson & Williams
>811 First Avenue, Suite 201
>Seattle, WA 98104
>**Counsel for Plaintiffs**
>
>David S. Shrager
>Shrager, Spivey, Sachs & Weinstock
>Two Commerce Square
>2001 Market Street
>Philadelphia, PA 19103
>**MDL Plaintiffs' Lead Counsel**
>
>Dianne M. Nast
>Roda & Nast, P.C.
>801 Estelle Drive
>Lancaster, PA 17601
>**MDL Plaintiffs' Liaison Counsel**
>
>Alan L. Unikel
>Daniel M. Blouin
>Julia A. Galyen
>Seyfarth, Shaw
>55 East Monroe Street, Suite 4200
>Chicago, IL 60603
>**Counsel for Allegiance Corporation, Allegiance Healthcare Corp., Allegiance Healthcare Sdn. Bhd., Baxter Healthcare Corporation, Baxter Healthcare, S.A., Baxter International, Inc. and MDL Defendants' Liaison Counsel - Spokesperson**

James A. Willhite, Jr.
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
**Counsel for Allegiance Corporation, Allegiance Healthcare Corp., Allegiance Healthcare Sdn. Bhd., Baxter Healthcare Corporation, Baxter Healthcare, S.A., Baxter International, Inc. and MDL Defendants' Liaison Counsel - Service**

Tommy T. Holland, Esq.
Carter & Ansley
1180 West Peachtree Street, Suite 2300
Atlanta, GA  30309
**Counsel for Gulf South Medical Supply, Inc.**

Henry H. Janssen, Esq.
Janssen & Keenan P.C.
2005 Market Street, Suite 2050
Philadelphia, PA  19103
**Counsel for Medline Industries, Inc.**

*[Signature]*